FORT TRYON NURSING HOME,
Plaintiff,

v.

Cesar PERALES, Commissioner of the State of New York Department of Social Services; David Axelrod, M.D. Commissioner of the State of New York Department of Health; and Michael Finnerty, New York State Director of Budget, Defendants.

No. 84 Civ. 4638 (KTD).

United States District Court,
S.D. New York.

July 19, 1984.

Marvin Neiman, New York City, for plaintiff.

Robert Abrams, Atty. Gen. for N.Y. State, New York City, for defendants; Judith A. Gordon, Asst. Atty. Gen., New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

This is an action commenced under the Social Security Act, 42 U.S.C. §§ 1396, *et seq.*, the Fourteenth Amendment, 42 U.S.C. § 1983, and state law. Plaintiff Fort Tryon Nursing Home ("Fort Tryon") moved by Order to Show Cause to enjoin defendants from reducing or implementing a reduction in Medicaid reimbursement rates and from withholding payments in order to recoup an asserted overpayment. A hearing on the motion was held on July 2, 1984.

Plaintiff's complaint alleges that on or about May 2, 1984, the Bureau of Residential Health Care Facility Reimbursement ("the Bureau"), a subdivision of the Department of Health and Human Services, notified Fort Tryon of a downward revision of Medicaid rates for the period January 1, 1983 through December 31, 1984. Complaint ¶ 15. The revision was made in the course of an appeal by Fort Tryon when the examiner determined that interest on borrowed working capital reported by the facility ($104,689.00) should have been dis-

allowed based on plaintiff's financial history. *See* Affidavit of Marvin Neiman, Exh. A.

A party seeking a preliminary injunction must show both that irreparable harm will result absent injunctive relief and either "(1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam).

For the reasons that follow, plaintiff's motion for a preliminary injunction is denied. First, it is well-settled that "irreparable injury means injury for which a monetary award cannot be adequate compensation." *Jackson Dairy, Inc.*, 596 F.2d at 72. In the unlikely event that it prevails on the merits, plaintiff can be compensated adequately by an award of damages because it is contesting and seeking to enjoin the use of the reimbursement rates set by the Bureau. Any underpayment that may exist can be recouped in the form of damages.

Furthermore, as I have intimated, it is not likely that plaintiff will succeed on the merits. It appears that plaintiff has failed to state a claim upon which relief can be granted as to some claims, and that defendant will be entitled to summary judgment on the remaining claims. *See generally Oberlander v. Perales*, 740 F.2d 116 (2d Cir.1984). In *Oberlander*, the Flatbush Manor Care Center similarly pursued an appeal of the reimbursement rate fixed by the Bureau, and as a consequence the Center's rate was reduced by approximately seven dollars per patient per day. *Id.* at 118. The Second Circuit rejected plaintiff's statutory and constitutional claims. The court held that the revision claim derived from plaintiffs' allegation of defendants' violation of state law and therefore the set-off did not amount to a "deprivation forbidden by Section 1983" because "[a] state authority's failure to comply with state regulations does not facially implicate

an interest secured by the 'laws of the United States.'" *Id.* at 119. The court stated that "there is no authority anywhere supporting the proposition that a state Medicaid regulation becomes a federal law merely by virtue of its inclusion in a state law required by federal law." *Id.* at 119.

The *Oberlander* court then held that the post-deprivation procedures were adequate and that no constitutional due process violation occurred by reason of the lack of a predeprivation hearing. *Id.* at 121–122. The availability of both administrative proceedings and an Article 78 proceedings were deemed more than adequate due process protection. Plaintiff, moreover, was not found to have a property interest in its prospective reimbursement rates. *Id.* at 120.

Citing *Arshel Avraham Residential Health Facility, Inc. v. Perales*, 84 Civ. 3884 (S.D.N.Y. July 5, 1984), plaintiff argues that *Oberlander* is not dispositive on the issue of the likelihood of success. In *Arshel*, the plaintiff challenged the reimbursement rates as not "reasonable or adequate" in violation of a general federal requirement to that effect. Here, this is not the focus of plaintiff's claim; rather plaintiff seeks to overturn the disallowance of certain interest deductions as authorized by state regulations. Furthermore, if every revision of reimbursement rates based on any of the panoply of state regulations were deemed to implicate the general federal "reasonable and adequate rate" requirement, *Oberlander* would be rendered without force. I cannot interpret that decision thusly.

In addition, the submissions to date indicate that even if the substance of plaintiff's claims are reached, plaintiff will have much difficulty establishing the merits of its position. In short, plaintiff has not sustained its burden of showing irreparable harm and that it is likely to succeed on the merits or that there is a sufficiently serious question going to the merits to make a fair ground for litigation. Accordingly, plaintiff's motion for a preliminary injunction is denied.

The plaintiff is presently pursuing its appropriate state remedies. Accordingly, this matter is to be placed on the Suspense docket of this Court.

SO ORDERED.